**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

RAYMOND J. POTLONGO, JR.;
GRADS R US, INC.,

        Plaintiffs-Appellees,

v.

HERFF JONES, LLC,

        Defendant-Appellant.

No. 17-56815

D.C. No.
8:17-cv-01624-JLS-DFM

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Josephine L. Staton, District Judge, Presiding

Argued and Submitted August 8, 2018
Pasadena, California

Before: GRABER, WARDLAW, and CHRISTEN, Circuit Judges.

    Herff Jones, LLC, appeals a district court order entering a preliminary

injunction in favor of Raymond J. Potlongo, Jr. and Grads R Us, Inc. We have

jurisdiction under 28 U.S.C. § 1292(a)(1), and we review for abuse of discretion.

---

    [*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

*Pimentel v. Dreyfus*, 670 F.3d 1096, 1105 (9th Cir. 2012) (per curiam). We vacate the injunction and remand.

Plaintiffs seeking preliminary injunctions must establish, among other things, that they are "likely to suffer irreparable harm in the absence of preliminary relief." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). We look to federal law to determine whether a plaintiff has made such a showing. *See Rent-A-Center, Inc. v. Canyon Television & Appliance Rental, Inc.*, 944 F.2d 597, 600–03 (9th Cir. 1991) (applying federal standards to determine whether a preliminary injunction should issue, but applying state law to the merits of the underlying contract claim).

On this record, Potlongo and Grads did not establish a likelihood of irreparable harm in the absence of a preliminary injunction for two reasons. First, there is no evidence that the status quo would have changed if an injunction had not issued. Potlongo avers that he is currently working for Herff Jones's competitor, and the record does not show that he will lose that position unless and until Herff Jones secures and enforces a judgment against him. Second, Potlongo and Grads present evidence of only economic injury, which does not qualify as irreparable harm because it can be compensated by an award of money damages. *Rent-A-Center*, 944 F.2d at 603. Although the loss of one's business can constitute

2

irreparable harm, *see Am. Passage Media Corp. v. Cass Commc'ns, Inc.*, 750 F.2d 1470, 1474 (9th Cir. 1985), the record here does not demonstrate that the loss of Potlongo's business is likely.  Moreover, this case does not present circumstances similar to *Arizona Dream Act Coalition v. Brewer*, 757 F.3d 1053 (9th Cir. 2014), *Enyart v. National Conference of Bar Examiners*, 630 F.3d 1153 (9th Cir. 2011), or *Chalk v. United States District Court*, 840 F.2d 701 (9th Cir. 1988).  Unlike those cases, the record here demonstrates only a potential temporary job loss for Potlongo, which he has not shown is likely to occur.  The district court's conclusion as to irreparable harm thus lacked support from inferences that may be drawn from facts in the record.  *Pimentel*, 670 F.3d at 1105.

Because Potlongo and Grads did not establish a likelihood of irreparable harm in the absence of preliminary relief, an injunction should not have issued. *Winter*, 555 U.S. at 20.

**VACATED and REMANDED.**  Costs on appeal are awarded to Herff Jones, LLC.

Potlongo v. Herff Jones, No. 17-56815

WARDLAW, Circuit Judge, dissenting:

FILED

OCT 23 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

I respectfully dissent from the majority's decision to vacate the injunction. The majority concludes there is no irreparable harm because, first, the record does not show that Potlongo would lose his job with Herff Jones's competitor absent the injunction, and second, Potlongo and Grads R Us, Inc. present evidence of economic injury only. It reasons that although the loss of one's business can constitute irreparable harm, the "record does not demonstrate the loss of Potlongo's business is likely."

But in reaching this conclusion, the majority fails to apply the correct standards of review to the district court's factual findings and conclusions of law. We review the district court's factual findings under the clearly erroneous standard. *United States v. Hinkson*, 585 F.3d 1247, 1259–60 (9th Cir. 2009). We review its legal conclusions de novo. *Id.* And we review the district court's grant of a preliminary injunction for abuse of discretion. *Id.*

Turning first to the factual findings, the district court found "[a]fter reviewing the Agreement and Herff Jones' own plea for injunction in the Indiana arbitration proceeding," that the "restrictions would infringe on Potlongo's livelihood sufficiently to create a likelihood of irreparable injury." Based on the evidence before it, the district court found that an injunction would likely issue

1

from the Indiana arbitration, which would result in Potlongo's loss of livelihood for four years. This finding is a mixed question of fact and law, and it is entitled to deference on appeal unless the district court's conclusion was based on clearly erroneous factual findings. *Hinkson*, 585 F.3d at 1259; *Darensburg v. Metro. Transp. Comm'n*, 636 F.3d 511, 518–19 (9th Cir. 2011).

But the majority does not even begin to explain why the district court's factual findings in this respect were clearly erroneous. Rather, the majority engages in de novo review of the entire record, summarily concluding for itself that "[o]n this record, Potlongo and [Grads R Us, Inc.] did not establish a likelihood of irreparable harm." The majority does not even attempt to explain why it thinks an injunction is not likely to issue in the Indiana arbitration, nor does it explain how the district court erred in concluding that the loss of Potlongo's livelihood and business are likely. Because the majority's conclusions run contrary to the district court's factual findings, and those findings have not been shown to be clearly erroneous, reversal is improper.

The district court concluded as a matter of law that such loss of livelihood constitutes irreparable injury, as Potlongo "does not have an adequate remedy at law." In reaching this legal conclusion, the district court did not err. Our circuit's precedent is clear that loss of livelihood and the attendant effects of lost employment may constitute irreparable harm. *Am. Passage Media Corp. v. Cass*

2

*Commc'ns, Inc.*, 750 F.2d 1470, 1474 (9th Cir. 1985); *Drakes Bay Oyster Co. v. Jewell*, 747 F.3d 1073, 1092 (9th Cir. 2014); *Nelson v. Nat'l Aeronautics and Space Admin.*, 530 F.3d 865, 882 (9th Cir. 2008), *petition for rehearing en banc denied*, 568 F.3d 1028 (9th Cir. 2009), *rev'd on other grounds*, 562 U.S. 134 (2011).

Finally, nowhere does the majority identify just how the district court abused its discretion in issuing the injunction. I would affirm the district court's grant of a preliminary injunction against Herff Jones.